IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

         Plaintiff,

         v.

MJDE VENTURE, LLC, d/b/a THOMAS
COUNTRY BUFFET,

         and

J&S INTERNATIONAL, INC., d/b/a
THOMAS COUNTRY BUFFET,

         Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.

JURY TRIAL DEMAND

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Sherri Wilson ("Wilson"), Emma Bell ("Bell"), Joni Mayfield ("Mayfield"), Tracy Holder ("Holder"), Tina McBerry ("McBerry"), Melanie Jones ("Jones"), and Carole Johnson ("Johnson"), hereinafter collectively referred to as the "victims", who were adversely affected by such practices. The Plaintiff alleges

that while employed with the Defendants as waitresses, the victims were repeatedly subjected to a sexually hostile work environment by a male cook at the restaurant and that the Defendants failed to take effective remedial action to end the harassment.

After complaining about the harassment to Defendant MJDE Venture, LLC ("MJDE"), Defendant terminated McBerry and Jones' employment in retaliation for engaging in protected activity in violation of Title VII. Johnson's working conditions were made so intolerable that she was forced to resign from her position with MJDE.

The Plaintiff also alleges that Defendant J&S International, Inc. ("J&S") terminated Wilson, Bell, Mayfield, and Holder's employment in retaliation for engaging in protected activity, i.e., repeated complaints to J&S's management about the sexual harassment and/or the filing of EEOC charges against J&S, in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, the Defendants ("MJDE" and "J&S") have continuously been corporations doing business in the State of Georgia and have continuously had at least 15 employees.

5.     At all relevant times, the Defendants have continuously been employers engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, the victims filed charges of discrimination with the Commission alleging violations of Title VII by Defendant MJDE.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least January 2008, MJDE engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

    (a)     subjecting Tina McBerry to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment; and

    (b)     discharging McBerry from her employment in retaliation for complaining about unlawful sexual harassment.

8.     McBerry began working for MJDE in or around January 2008 as a waitress.

9.     Jose Quinones ("Quinones"), a restaurant cook, began harassing McBerry in January of 2008, and continued physically and verbally harassing her on a regular basis.

10.     Quinones repeatedly made crude, unwelcome comments of a sexual nature to McBerry, such as "Give me your pussy" and "I have this dick for you."

11.     McBerry was also subjected to physical harassment on several occasions, including Quinones grabbing her breasts and reaching down her pants.

12.     McBerry complained on more than one occasion to MJDE management about the harassment.   However, she was told to just ignore Quinones' advances.

13.     After complaining about the harassment several times, McBerry was subjected to retaliatory discharge by MJDE in July 2008.

14.     Since at least March 2008, MJDE engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

      (a)     subjecting Melanie Jones to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment; and

      (b)     discharging Jones from her employment in retaliation for complaining about unlawful sexual harassment.

15.     Jones began working for MJDE in or around October 2005 as a waitress.

16.     Quinones began harassing Jones in March of 2008, and continued physically and verbally harassing her on a regular basis.

17.     Quinones repeatedly made crude, unwelcome comments of a sexual nature to Jones.

18.     Jones was also subjected to physical harassment on several occasions, including Quinones grabbing her breasts and buttocks and rubbing himself on her body.

19. Jones complained on more than one occasion to MJDE management about the harassment. However, she was told that Quinones was not going to be fired because he "works cheap."

20. After complaining about the harassment several times, Jones was subjected to retaliatory discharge by MJDE in May 2008.

21. Since at least September 2007, MJDE engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

    (a) subjecting Carole Johnson to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment; and

    (b) constructively discharging Johnson from her employment.

22. Johnson began working for MJDE in or around November 2006 as a waitress.

23. Quinones began harassing Johnson in September of 2007, and continued physically and verbally harassing her on a regular basis.

24. Quinones repeatedly made crude, unwelcome comments of a sexual nature to Johnson.

25. Johnson was also subjected to physical harassment on several occasions, including Quinones grabbing her breasts and buttocks.

26. Johnson complained on more than one occasion to MJDE management about the harassment. However, she was told to just kick Quinones in the groin if he bothered her.

27. After MJDE management failed to remedy the harassment despite her complaints, Johnson felt that her working conditions were so intolerable that she was compelled to resign from her position in May 2008.

28. Since at least February 2007, MJDE engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

    (a)    subjecting Sherri Wilson to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment.

29. Wilson began working for MJDE in or around February 2007 as a waitress.

30. Quinones began harassing Wilson in February of 2007, and continued physically and verbally harassing her on a regular basis.

31. Quinones repeatedly made crude, unwelcome comments of a sexual nature to Wilson, including putting a cup of coffee up to her breasts and stating, "I need milk."

32. Wilson was also subjected to physical harassment on several occasions, including Quinones rubbing her back and grabbing her at the waist.

33.    Wilson also complained on more than one occasion to MJDE management about the harassment.    However, she was also told to just kick Quinones "in the balls" if he bothered her.

34.    Since at least April 2007, MJDE engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

   (a)    subjecting Emma Bell to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment.

35.    Bell began working for MJDE in or around March 2007 as a waitress.

36.    Quinones began harassing Bell in April of 2007, and continued physically and verbally harassing her on a regular basis.

37.    Quinones repeatedly made crude, unwelcome comments of a sexual nature to Bell, including constantly commenting on the size of her breasts.

38.    Bell was also subjected to physical harassment on several occasions, including Quinones rubbing her back and pinching her on her breasts.

39.    Bell also complained on more than one occasion to MJDE management about the harassment.    However, she was also told to just kick Quinones "in the balls" if he bothered her.

40.    Since at least January 2007, MJDE engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

     (a)    subjecting Joni Mayfield to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment.

41.    Mayfield began working for MJDE in or around January 2007 as a waitress.

42.    Quinones began harassing Mayfield in January of 2007, and continued physically and verbally harassing her on a regular basis.

43.    Quinones repeatedly made crude, unwelcome comments of a sexual nature to Mayfield.

44.    Mayfield was also subjected to physical harassment on several occasions, including Quinones grabbing her breasts, kissing her on the lips, and laying her across a dining room table while verbalizing sexual acts. Quinones would often approach Mayfield when no other employees were present.

45.    Mayfield also complained on more than one occasion to MJDE management about the harassment. However, the harassment continued.

46.    Since at least July 2006, MJDE engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

     (a)    subjecting Tracy Holder to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment.

47.   Holder began working for MJDE in or around July 2006 as a waitress. Holder was also a manager.

48.   Quinones began harassing Holder in July of 2007, and continued physically and verbally harassing her on a regular basis.

49.   Quinones repeatedly made crude, unwelcome comments of a sexual nature to Holder.

50.   Holder was also subjected to physical harassment on several occasions, including Quinones grabbing her breasts, slapping her buttocks, and putting his hand down her shirt.  On one occasion, Quinones grabbed Holder from behind and locked her arms together while he tried to pull down her pants. Holder's screams finally made him stop.

51.   Holder complained on more than one occasion to MJDE management about the harassment on behalf of herself and the other women who had complained to her, as a manager, about Quinones' harassment.  However, she was told to just deal with it and "kick [Quinones] in the balls" if his advances continued.

52.   In or around July 2008, MJDE sold the Thomas Country Buffet restaurant to Defendant J&S International, Inc.

53.   Wilson, Bell, Mayfield, Holder, and Quinones remained employed with the restaurant under J&S's ownership.

54.   Thereafter, Quinones continued to subject Wilson, Bell, Mayfield, and Holder to verbal and physical harassment on a regular basis.

55.   Since at least July 2008, J&S engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by:

(a)   subjecting Wilson, Bell, Mayfield, and Holder to repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment;

(b)   discharging Wilson, Bell, Mayfield, and Holder in retaliation for complaining about unlawful sexual harassment to management; and

(c)   discharging Wilson, Bell, Mayfield, and Holder for filing EEOC charges against J&S.

56.   Wilson, Bell, Mayfield, and Holder also complained to the restaurant's new owner, J&S, on more than one occasion about Quinones' harassment. However, J&S management also refused to end Quinones' harassment of its female employees.

57.   Seeing no end to the harassment, Wilson, Bell, Mayfield, and Holder reported the harassment to the EEOC.  In July 2008, Holder filed her EEOC charge against J&S alleging sexual harassment.  Wilson, Bell, and Mayfield filed their charges against J&S in August 2008 also alleging sexual harassment.

58.     Within weeks of filing their EEOC charges, Wilson, Bell, Mayfield, and Holder were all discharged by J&S.  Holder was the first to be discharged, within one week of filing her EEOC charge against J&S.

59.     The effect of the practices complained of in paragraphs 7-58 above has been to deprive McBerry, Jones, Johnson, Wilson, Bell, Mayfield, and Holder of equal employment opportunities and, otherwise, to adversely affect their status as employees because of their sex and because they engaged in protected activity.

60.     The unlawful employment practices complained of in paragraphs 7-58 above were intentional.

61.     The unlawful employment practices complained of in paragraphs 7-58 above were done with malice or with reckless indifference to the federally protected rights of McBerry, Jones, Johnson, Wilson, Bell, Mayfield, and Holder.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant J&S International, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment against employees, and engaging in any other employment practice which discriminates on the basis of sex.

B.     Grant a permanent injunction enjoining Defendant J&S International, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which retaliate against employees who engage in protected activity.

C.     Order Defendant J&S International, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and eradicate the effects of its past and present unlawful employment practices.

D.     Order the Defendants MJDE and J&S to make whole McBerry, Jones, Johnson, Wilson, Bell, Mayfield, and Holder by providing them with appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including front pay, as appropriate.

E.     Order the Defendants MJDE and J&S to make whole McBerry, Jones, Johnson, Wilson, Bell, Mayfield, and Holder by providing them with compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-58 above, including job search expenses, in amounts to be determined at trial.

F.     Order the Defendants MJDE and J&S to make whole McBerry, Jones, Johnson, Wilson, Bell, Mayfield, and Holder by providing them with

compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7-58 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.     Order the Defendants MJDE and J&S to pay to McBerry, Jones, Johnson, Wilson, Bell, Mayfield, and Holder punitive damages for their malicious and reckless conduct described in paragraphs 7-58 above, in amounts to be determined at trial.

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

I.     Award the Commission its costs in this action.

[Jury Trial Demand and signature page to follow]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its
Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

9/23/2010
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Lakisha Duckett
Trial Attorney
Georgia Bar No. 231641
lakisha.duckett@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:   (404) 562-6818
Facsimile:   (404) 562-6905