IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO: 1:10-CV-3059-SCJ |
| J&S INTERNATIONAL FOOD, INC. d/b/a THOMAS COUNTRY BUFFET, | ) ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against J&S International Food, Inc. d/b/a Thomas Country Buffet (the "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

The Commission alleged in the foregoing civil action that while employed with Defendant as waitresses, Emma Bell, Joni Mayfield, Sherry Wilson, and Tracy Holder (hereinafter referred to as the "Charging Parties") were subjected to a sexually hostile work environment by a male cook at the restaurant and that

1

Defendant failed to take effective remedial action to end the harassment. Moreover, after complaining about the harassment to Defendant's management and to the EEOC, the Commission alleged that Defendant terminated the Charging Parties' employment in retaliation for engaging in protected activity, all in violation of Title VII.

In its Complaint, the Commission sought make-whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief.  In its Answer, Defendant J & S International Food, Inc. denied all allegations rendered by the Charging Parties and the EEOC, and stated that it had not violated any Title VII laws.  Throughout the litigation, Defendant J & S also alleged that the Charging Parties were terminated due to reasons of insubordination, conversion of corporate assets, and lack of competent (non-Title VII) work performance issues.  Defendant J & S sought damages for all costs, including reasonable attorney's fees, and other equitable relief to be sought at trial.

The Parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of Title VII.  The Parties want to conclude fully and finally all claims arising out of the charges of discrimination filed with the Commission

by the Charging Parties and out of the Commission's Complaint. They enter into this Consent Decree to further the objectives of Title VII and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

This Court has jurisdiction over the subject matter of this action and over the Parties to this action, as the employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the Northern District of Georgia, Atlanta Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I.   **JURISDICTION AND VENUE**

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

## II. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the Parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## III. NON-DISCRIMINATION PROVISION

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, is enjoined from: (a) engaging in any behavior or being a party to any action, policy or practice that has the effect of sexually harassing any female employee; and (b) creating, facilitating or tolerating the existence of a work environment that is hostile to female employees.

## IV. NON-RETALIATION PROVISION

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, is enjoined from discriminating against any individual because they have engaged in protected activity under Title VII, or because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other

manner, in any investigation or proceeding relating to this Consent Decree.

## V.   INSTRUCTION TO MANAGEMENT

Within thirty (30) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its Covington, Georgia restaurant have been instructed as to the terms of this Consent Decree, and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII.  All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.   TRAINING

During the term of this Consent Decree, Defendant shall hold three (3) training sessions, one (1) per year for the next three years, the cost of which is to be borne by Defendant, to be attended by every employee (non-supervisory and supervisory employees) working at its Covington, Georgia restaurant on their rights and obligations arising under Title VII, including, but not limited to, Defendant's obligations under Title VII not to retaliate against an employee because they engaged in protected activity and the employee's right to work in an environment free of unlawful sexual harassment.  The first of the above referenced

training sessions shall be completed within ninety (90) days of the entry of this Consent Decree.

Prior to each training session, Defendant shall provide written certification to the Commission of the training to be completed. The certification shall include the name(s) and qualifications of the person(s) providing the training, names and job titles of attendees, length of training, date(s) of the training, and the training topics. If written materials are utilized, the Commission shall be supplied with a copy of such materials. Within fifteen (15) days following completion of the training session, Defendant shall provide written certification that the training was completed.

All written notice and certifications required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII.   REPORTING REQUIREMENT

Every six (6) months for the duration of this Consent Decree, Defendant shall certify in writing to the Regional Attorney whether any person employed at Defendant's Covington, Georgia restaurant has complained about sexual harassment and/or retaliation. If an employee has so complained, then the summary report shall include the following information:

    (a)    The date of the complaint or report;

    (b)    The name of the person making the complaint or report;

    (c)    The name and title of the person against whom the complaint or report was made;

    (d)    The nature of the complaint or report;

    (e)    The name and title of Defendant's official to whom the complaint or report was made;

    (f)    A description of how the complaint or report was resolved by Defendant, including any personnel action(s) taken by Defendant in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. **NOTICES TO BE POSTED**

Upon entry of this Consent Decree and continuing until the expiration date specified in Section X herein, Defendant shall keep posted a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at the restaurant shall have the opportunity to observe at least one such posting when at the restaurant. Defendant will fulfill the posting requirement

within fifteen (15) days of the entry of this Consent Decree and shall certify, within thirty (30) days of such date, that posting has been accomplished.

Defendant shall not withhold the right of the EEOC to enter upon its premises to monitor compliance with this Section.  Should the Notice become defaced, marred, or otherwise unreadable, Defendant will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

### IX. **CHARGING PARTIES' INDIVIDUAL RELIEF**

Defendant J&S International Food, Inc. d/b/a Thomas Country Buffet, in settlement of all alleged claims against it, shall provide to the Charging Parties the gross amount of Eighteen Thousand Dollars ($18,000.00) in monthly installments as set forth below.  The total amounts to be paid to the respective Charging Parties, after all monthly installments are paid, is as follows:

| | |
|---|---|
| Sherry Wilson | $4,500 |
| Emma Bell | $4,500 |
| Joni Mayfield | $4,500 |
| Tracy Holder | $4,500 |

Defendant J&S International Food, Inc. d/b/a Thomas Country Buffet shall pay the amount of $18,000 in twelve (12) equal monthly installments of $1,500 over a period of 12 months, the first of which is to be made by August 17, 2012.

Each of these twelve (12) monthly payments shall be due and payable on the same monthly date on which the first payment was made. Thus, since the first payment is due on the 17th of the month of August, then the subsequent eleven (11) payments shall also be due on the 17th of each successive month. The date upon which the settlement payments are mailed, as evidenced by a postmark, shall constitute the payment date for these purposes.

If any monthly payment under this Decree is not made within 15 days after the date on which it is due, Defendant understands and agrees that it will be considered to be in default of the monetary settlement terms of this Decree. Upon making a requisite showing to the Court of Defendant's default in this matter by the EEOC, Defendant further consents to the Court entering a default judgment against it in the amount of Two Hundred Thousand Dollars ($200,000.00) plus pre-judgment interest accruing from the date of Defendant's default to the date that the Court awards the default judgment.

The monthly checks to each Charging Party are to be made payable as follows:

<u>Months 1-12</u>

| | |
|---|---|
| Sherry Wilson | $375.00 |
| Emma Bell | $375.00 |

        Joni Mayfield        $375.00

        Tracy Holder        $375.00

All check(s) to the Charging Parties shall be mailed by J&S International Food, Inc. d/b/a Thomas Country Buffet at the time that they are due to Robert K. Dawkins, Regional Attorney, c/o Lakisha Duckett, Esq., to the EEOC Atlanta District Office, whose address is 100 Alabama Street, Suite 4R30, Atlanta Georgia 30303.

## X.   TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of forty-eight (48) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree.  If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice.  However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any

other appropriate or equitable purposes for forty-eight (48) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said forty-eight (48) calendar month period, moved to enforce compliance with the Consent Decree.  If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the forty-eight (48) month period have been resolved.  At the expiration of the forty-eight (48) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal with prejudice.

XI.	**COMPLIANCE OFFICIAL**

The Defendant has designated Jin Ha Yoon to be Defendant's Compliance Official who shall be responsible for Defendant's compliance with this Consent Decree.  The Compliance Official is to be responsible for coordinating and overseeing Defendant's compliance with the specific terms of this Consent Decree.

XII.	**PROCEDURE FOR ENFORCING COMPLIANCE**

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process.  The Commission will notify, in

writing by first class mail, Defendant's Compliance Official if it has any reason to believe that any act or omission by Defendant is in violation of the Consent Decree. Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XIII.  OTHER ACTIONS

The Commission shall not commence or prosecute Defendant for any action

or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Emma Bell, Joni Mayfield, Sherry Wilson, and Tracy Holder's claims that they were subjected to discrimination in violation of Title VII, as embodied in EEOC Charge Numbers 410-2008-05661, 410-2008-04885, 846-2008-60433, and 410-2008-05664, which were filed with, and investigated by, the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII (or any other statutes enforced by the Commission) on any such charges.  Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII or the regulations promulgated pursuant thereto. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIV.  **COSTS AND ATTORNEYS FEES**

The EEOC and Defendant shall each bear their own respective costs and attorneys' fees for this action.

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of the Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of

this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

When this Decree requires a certification by the Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:	s/Robert K. Dawkins
	Robert K. Dawkins
	Georgia Bar No: 076206
	Lakisha Duckett
	Georgia Bar No: 231641
	James L. Cerwinski
	Georgia Bar No: 277846

	EQUAL EMPLOYMENT OPPORTUNITY
	COMMISSION- Atlanta District Office
	100 Alabama Street, SW, Suite 4R30
	Atlanta, Georgia   30303


Counsel for Defendant:	s/Paul Y. Kim
	Paul Y. Kim
	Georgia Bar No: 141528

        THE LAW FIRM OF PAUL Y. KIM, LLC
        3230 Steve Reynolds Blvd., Suite 209
        Duluth, GA  30096

SO ORDERED this the 25th day of July, 2012.

        s/Steve C. Jones
        United States District Court Judge
        Northern District of Georgia

## **N O T I C E**

1. This notice to all employees of J&S International Food, Inc. d/b/a Thomas Country Buffet (the "Company") is being posted as part of the remedy agreed to between the Company and the Equal Employment Opportunity Commission, EEOC, in a consent decree filed in the United States Federal District Court, Atlanta, Georgia.

2. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability, age, or because the person exercised their rights under the law with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3. J&S International Food, Inc. d/b/a Thomas Country Buffet will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.  J&S International Food, Inc. d/b/a Thomas Country Buffet will also provide training to its employees each year regarding its obligations under federal law as described above.

4. Any employee who feels that their federal rights have been violated should direct their complaint to company management or to the EEOC Atlanta District Office at 100 Alabama Street, Suite 4R30, Atlanta, GA 30303, or call 1-800-669-4000 or visit www.eeoc.gov.

   This notice will remain posted for forty-eight (48) months.

   Signed this the _____ day of _____, 2012.

_____
On Behalf of J&S International Food, Inc. d/b/a Thomas Country Buffet